FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
MICHAEL O'BRIEN (SBN 277244)
mobrien@novianlaw.com
**NOVIAN & NOVIAN LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone:  (310) 553-1222
Facsimile:   (310) 553-0222

Attorneys for Plaintiff NOVIAN & NOVIAN LLP

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVIAN & NOVIAN LLP, a California Limited Liability Partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>OVH US LLC, a Delaware company; CHARLES PROXY, an unknown entity; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **TRADEMARK INFRINGEMENT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMPLAINT

Plaintiff NOVIAN & NOVIAN, LLP, ("Plaintiff") by and through its undersigned counsel, hereby complains against defendants OVH US LLC, a Delaware company; CHARLES PROXY, an unknown entity; and DOES 1 through 10, inclusive (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff creates and obtains rights to an amalgamation of text and photographs assembled at https://www.novianlaw.com ("the Novian Website"). Plaintiff owns these artworks in exclusivity, and possesses exclusive rights to, among other things, reproduce, distribute, display to the public, and create derivative works based upon the text and photographs. Defendants have knowingly and intentionally used such texts and photographs in the production of an unauthorized website which infringes Plaintiff's copyrights.

2. Plaintiff provides legal services, including legal services for clients interested in completing cryptocurrency transactions. Defendants have knowingly made false representations about Plaintiff's services causing confusion in the marketplace.

## JURISDICTION AND VENUE

3. The Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, 17 U.S.C., § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, pursuant to 28 U.S.C. §§ 1331, 1338 (a) and (b).

4. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the Defendants can be found in this judicial district.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) because this is a judicial district in which a substantial part of the events giving rise

to the claims occurred the tortious acts occurred, and a substantial part of the injury took place and continues to take place, and because Defendants are subject to the Court's personal jurisdiction with respect to this action.

## **THE PARTIES**

6. Plaintiff is a California limited liability partnership with a principal place of business at 1801 Century Park East, Suite 1201, Los Angeles, California 90067.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant OVH US LLC ("OVH") is, and at all times relevant was, a Delaware company with its principal place of business at 11480 Commerce Park Dr Ste 500 Reston, VA, 20191.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant CHARLES PROXY ("Proxy") is a pseudonym for a criminal or a criminal syndicate that uses the email address charlesproxy01@yahoo.com. Collectively OVH and Proxy are "Defendants."

9. Plaintiff is informed and believes, and thereon alleges, that Defendants advertise, distribute, and sell fraudulent services on websites such as *davidguilfordlawyers.com* to consumers throughout the United States, including consumers within this Court's jurisdiction.

10. Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages

to Plaintiff as more fully alleged herein. Accordingly, Plaintiff sues said defendants by said fictitious names. At such time as said defendants' true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

11. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed a unity of interest and ownership between each and every Defendant such that any individuality or separateness between each and every Defendants has ceased. Defendants are the alter egos of one another in that Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business. Adherence to the fiction of the separate existence between Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct. This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves. The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through one another was intended, among other things, to allow Defendants to avoid liability to Plaintiff for valid obligations.

## FACTUAL ALLEGATIONS

12. Plaintiff is a prominent law firm located in Los Angeles, California. Plaintiff advertises legal services and promotes its attorneys through the Novian Website.

13. Plaintiff has expended considerable resources and efforts in creating, developing, and marketing its legal services, which are essential to its business.

14. Plaintiff owns, and had owned prior to the infringing acts complained of herein, all copyrights to the Novian Website. Indeed, the Novian Website was first created in 2021 and is registered with the United States Copyright Office as

Registration No. TXu 2-313-818.  A true and correct copy of the aforementioned registration is attached hereto as **Exhibit A**.

15. The Novian Website has grown to contain hundreds of individual pages and, if printed, would be over 1800 pages in length having over a hundred thousand words, dozens of unique photographs, and extremely strong search engine optimization.  True and correct copies of screen captures of certain portions of the Novian Website are attached hereto as **Exhibit B**.

16. Plaintiff owns, and had owned prior to the infringing acts complained of herein, trademark rights in its slogan STRATEGY TENACITY RESULTS ("the Slogan") for use in providing legal services. Plaintiff owns United States Patent & Trademark Office ("USPTO") Registration No. 6107860 for the Slogan which has been used in commerce since at least 2009.  A true and correct copy of the USPTO registration for the Slogan is attached hereto as **Exhibit C**.

17. On or about October 19, 2021, Proxy registered the domain davidguilfordlawyers.com ("the Infringing Website") through Etica, Inc. ("Etica"). Thereafter, Proxy hosted the Infringing Website on servers operated by Defendant OVH.

18. In or about early 2022, Plaintiff discovered that Defendants were offering legal services like those offered by Plaintiff (the "Infringing Services") via the Infringing Website which, without authorization, copies all or nearly all of the Novian Website, including the Slogan. True and correct copies of screen captures of the Infringing Services, as displayed and offered on the Infringing Website, are attached hereto as **Exhibit D**.

19. Unsurprisingly, Defendants' conduct has caused significant confusion.  At least four potential clients have contacted Plaintiff to express confusion regarding the relationship between the Novian Website and the Infringing Website and inquire whether Plaintiff is affiliated with the Infringing Website and/or the David Guilford law firm.

20. Based on information and belief, the Infringing Services involve soliciting law firms and individuals worldwide for assistance in executing cryptocurrency transactions.

21. On March 14, 2022, Plaintiff completed an online form on OVH's website informing OVH of the unlawful nature of the Infringing Website and demanding that OVH remove the Infringing Website from its servers. OVH acknowledged receipt of the information and demand but did not respond.

22. On April 14, 2022, Plaintiff completed a second online form on OVH's website requesting that OVH remove the Infringing Website from its servers. OVH responded by email and denied Plaintiff's request because "most of our services are rented 'unmanaged' to our customers. This means that we only have physical access to the server and cannot access its content (no root, administrator, or user access). We are technically unable to modify or delete content, or making an abusive behavior stop by intervening directly on the server, as it is not managed by us."

23. The home page of the Novian Website is shown below. The common elements of the look and feel of the website are highlighted in yellow:



24. The home page of the Infringing Website is shown below. The common elements of the look and feel of the website are highlighted in yellow:



# COUNT ONE:
# COPYRIGHT INFRINGEMENT
### (Against All Defendants)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs designated 1 through 25, inclusive, of this Complaint, as if fully set forth herein.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Novian Website—namely, the Infringing Website—and by selling services advertised on the Infringing Website.

27. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

28. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Novian Website. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Novian Website in an amount to be established at trial.

30. Upon information and belief, Defendants created the Infringing Website despite being fully aware of Plaintiff's superior rights to the Novian Website. Within the time permitted by law, Plaintiff will make his election between actual damages and infringers profits. Plaintiff is also entitled to preliminary and permanent injunctive relief.

///

///

///

## COUNT TWO:
## FEDERAL TRADEMARK INFRINGEMENT
### (Against All Defendants)

31. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30, inclusive.

32. Plaintiff has been issued a USPTO registration for the Slogan, as attached hereto.

33. Defendants have made use of the Slogan, and variations thereof, without Plaintiff's consent, knowledge, or authority.

34. Defendants' unauthorized use of Plaintiff's Slogan in connection with Defendants' advertising and sale of the Infringing Services constitutes infringement under the Lanham Act of Plaintiff's registered trademark rights, misappropriates the valuable goodwill developed by Plaintiff in the Slogan, and is likely to cause (and has actually caused) confusion, mistake, and/or deception among the relevant public as to the source of Defendants' services or as to Plaintiff's affiliation, sponsorship or approval of Defendants' Infringing Services.

35. In fact, at least four individuals have contacted Plaintiff communicating their actual confusion and belief that Defendants were acting on behalf of Plaintiff.

36. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendants' services as those of Plaintiff's.

37. Plaintiff has earlier established, superior rights in its registered Slogan.

38. Defendants are aware of Plaintiff's use and corresponding rights in the Slogan. Defendants' aforementioned acts constitute the unauthorized use of

8
COMPLAINT


Plaintiff's Slogan, and variations thereof, for identical or confusingly similar services, amounting to willful infringement of Plaintiff's trademark rights.

39. Defendants' acts of willful infringement of Plaintiff's rights in the Slogan have caused and, unless restrained, will continue to cause, great and irreparable injury to Plaintiff, Plaintiff's business, and to the goodwill and reputation of Plaintiff, leaving Plaintiff no adequate remedy at law.

40. Defendants' acts are the proximate cause of such injury and damage.

41. By reason of the foregoing, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of infringement of Plaintiff's rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against the Defendants with respect to each claim for relief:

With respect to all Defendants, and each of them, as to Counts One and Two:

1. That the Infringing Website be seized and Defendants' agents and servants be enjoined from advertising or selling Infringing Services via the Infringing Website;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff in connection with Defendants' use of the Infringing Website and the Slogan, the exact sum to be proven at the time of trial,
3. Pre-judgment and post-judgment interest;
4. Costs of suit incurred herein, including attorney's fees and expenses to the extent provided for by law; and

///

///

5. Directing such other relief as the Court may deem appropriate to prevent Defendants from participating in these or other copyright and trademark infringements.

6. For such other and further relief as the Court may deem just and proper.

Dated: May 9, 2022          **NOVIAN & NOVIAN LLP**

By:    /s/ Farhad Novian
FARHAD NOVIAN, State Bar No. 118129
MICHAEL O'BRIEN, State Bar No. 277244

Attorneys for Plaintiff NOVIAN & NOVIAN LLP, a California Limited Liability Partnership

## DEMAND FOR JURY TRIAL

A jury trial is demanded pursuant to Fed. R. Civ. P. 38.

Dated: May 9, 2022  **NOVIAN & NOVIAN LLP**

By: /s/ Farhad Novian
FARHAD NOVIAN, State Bar No. 118129
MICHAEL O'BRIEN, State Bar No. 277244

Attorneys for Plaintiff S NOVIAN & NOVIAN LLP, a California Limited Liability Partnership